UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARION MARTINEZ | § | CIVIL ACTION NO. _____ |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| MOBILELINK, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT[1]

Plaintiff, MARION MARTINEZ, individually and on behalf of all others similarly situated, by his attorneys, Shavitz Law Group, P.A., alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") on behalf of Plaintiff and similarly situated individuals who have worked as Assistant Managers at Mobilelink retail locations or in comparable roles with different titles ("AMs") for Defendant MOBILELINK ("Defendant") or anywhere in the United States from the date three years from the filing of this Compliant through the date of final judgment (the "Collective" or "Collective Action Members").

---

[1]   Plaintiff recognizes the timing of this Complaint is difficult given the global coronavirus pandemic. The parities have not been able to agree to toll the statute of limitations for Plaintiff and potential opt-ins to this Fair Labor Standards Act putative collective action. As such, and given that the limitations period continues to run on the claims of 29 U.S.C. § 216(b) potential opt-ins, Plaintiff brings this action now to preserve the claims of putative collective members.

2. MOBILELINK operates over 550 retail store locations across the United States, including Texas. MOBILELINK is the largest authorized retailer for Cricket wireless. https://mobilelinkusa.com/ (last viewed March 30, 2020).

3. MOBILELINK violated the FLSA by requiring Plaintiff and the Collective Action Members to perform work "off the clock" and failing to pay them the full extent of their overtime compensation. Plaintiff and the Collective Action Members are entitled to unpaid overtime compensation from MOBILELINK for all hours worked by them in excess of forty (40) hours in a workweek, and are also entitled to liquidated damages pursuant to the FLSA.

4. MOBILELINK employs AMs at its store locations nationwide and uniformly classifies them as non-exempt from overtime compensation under the FLSA.

5. Pursuant to a uniform, companywide policy and practice, MOBILELINK required AMs to perform work off the clock by instructing them to: (a) perform work before they clocked in and after they clocked out; (b) review and respond to work related e-mail when they were off the clock and not at work; and (c) communicate with the corporate office, their supervisors, and stores regarding work-related tasks via the either text, email, phone call or group messaging apps when they were off the clock.

6. MOBILELINK's systematic failure and refusal to pay Plaintiff and all other similarly situated AMs for all hours worked over 40 in a workweek violates the FLSA.

7. Plaintiff alleges on behalf of himself and all similarly situated current and former non-exempt, hourly AMs (however variously titled) employed by MOBILELINK in the United States during the relevant period that they are entitled to: (i) unpaid wages for unpaid hours worked in excess of 40 in a workweek; (ii) liquidated damages, and (iii) reasonable attorneys' fees and costs, pursuant to the FLSA.

## THE PARTIES

*Plaintiff*

8. Plaintiff MARION MARTINEZ is an adult individual who is a resident of Santa Fe, New Mexico.

9. MARTINEZ was employed by Defendant from approximately December 2016 to July 2018, primarily at a MOBILELINK location in Copperas Cove, Texas and at other locations near Killeen, Texas.

10. Pursuant to MOBILELINK's policy, pattern or practice, Plaintiff regularly performed work as an AM for MOBILELINK's benefit without receiving all legally mandated compensation. Specifically, MOBILELINK did not pay Plaintiff's overtime compensation for all hours worked as an AM in excess of 40 hours in a workweek, in violation of the FLSA.

11. Plaintiff's written Consent to Join form is attached as **Exhibit A**.

*The Defendant*

12. MOBILELINK is, on information and belief, a Texas corporation with its principal place of business located in Sugar Land, Texas. Defendant does business under the name Mobilelink.

13. MOBILELINK can be served through its registered agent, Zeeshan Khan, at 12501 Reed Rd, Sugar Land, TX 77478.

14. MOBILELINK employed Plaintiff and other similarly situated current and former AMs and, at all material times, directly and/or indirectly, controlled and directed Plaintiff's and the Collective Action Members' terms of employment and compensation.

15. MOBILELINK had the power to control the terms and conditions of employment of Plaintiff and the Collective Action Members, including, without limitation, those terms and conditions relating to the claims alleged herein.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

17. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. § 201 *et seq.*, pursuant to 29 U.S.C. § 216(b).

18. MOBILELINK is subject to personal jurisdiction in Texas.

19. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because many of the actions giving rise to the claims asserted in this Compliant arose in this district.

20. MOBILELINK is a covered employer within the meaning of the FLSA, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

## COLLECTIVE ACTION ALLEGATIONS

21. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of himself and all similarly situated persons who work or have worked for MOBILELINK as non-exempt, hourly AMs (however variously titled) at any time from the date three years prior to the filing of this Compliant through the entry of judgment in this case.

22. MOBILELINK is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective Action Members. There are many similarly situated current and former AMs who have been underpaid in violation of the FLSA and who would

benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated AMs are known to MOBILELINK, are readily identifiable, and can be located through MOBILELINK's records. Notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

23. Plaintiff and the Collective Action Members worked for MOBILELINK as AMs and regularly worked more than 40 hours a week.

24. Throughout the relevant period, it has been MOBILELINK's policy, pattern or practice to require, suffer, or permit Plaintiff and the Collective Action Members to work in excess of 40 hours per week without paying them premium overtime compensation for all of the overtime hours they worked.

25. Though Defendant paid AMs for some of the overtime hours worked over 40 in a workweek, MOBILELINK encouraged the underreporting of hours worked or reduced the number of hours worked as reported by AMs, and thus failed to pay Plaintiff and the Collective Action Members all overtime compensation due and owing to them for the hours they worked in excess of 40 in a workweek. Plaintiff and the Collective Action Members were not compensated for time spent: (a) performing work before they clocked in and after they clocked out; (b) reviewing and responding to work related e-mail when they were off the clock and not at work; and (c) communicating with the corporate office, their supervisors, and stores regarding work-related tasks via the either text, email, phone call or group messaging apps when they were off the clock.

26. MOBILELINK assigned all of the work that Plaintiff and the Collective Action Members performed and/or MOBILELINK was aware of the work that they performed.

27. MOBILELINK failed to keep accurate records of the hours worked by Plaintiff and the Collective Action Members.

28. Plaintiff and the Collective Action Members were paid in accordance with the same policies and procedures, which was based on a non-exempt hourly wage.

29. MOBILELINK has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA and with respect to Plaintiff and the Collective Action Members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by MOBILELINK's Texas headquarters. This policy, pattern or practice includes but is not limited to:

> (a) willfully failing to record all of the time that Plaintiff and the Collective Action Members have worked for the benefit of MOBILELINK;
>
> (b) willfully failing to keep accurate payroll records as required by the FLSA;
>
> (c) willfully failing to credit Plaintiff and the Collective Action Members for all overtime hours worked, consistent with the requirements of the FLSA; and
>
> (d) willfully failing to pay Plaintiff and the Collective Action Members overtime compensation for hours that they worked in excess of 40 hours per workweek.

30. MOBILELINK is aware or should have been aware that federal law required them to pay their employees performing non-exempt duties an overtime premium for all hours worked in excess of 40 hours per workweek.

31. MOBILELINK's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Unpaid Overtime Wages
### Brought on Behalf of Plaintiff and Similarly Situated Current and Former AMs Against Defendant

32. Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

33. MOBILELINK has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the Collective, as detailed in this Complaint.

34. At all relevant times, Plaintiff and the Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

35. The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to MOBILELINK.

36. MOBILELINK was an employer of Plaintiff and the Collective Action Members and was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

37. At all relevant times, Plaintiff and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

38. MOBILELINK has failed to pay Plaintiff and the Collective Action Members all overtime compensation to which they are/were entitled under the FLSA.

39. MOBILELINK has failed to keep accurate records of time worked by the Plaintiff and the Collective Action Members.

- 8 -

40. MOBILELINK's violations of the FLSA, as described in this Collective Action Complaint, have been, and continue to be, willful and intentional.

41. MOBILELINK is aware of its obligations under the FLSA, but did not make a good faith effort to comply with the FLSA with respect to its time keeping and compensation of Plaintiff and the Collective Action Members.

42. Because MOBILELINK's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

43. As a result of MOBILELINK's willful violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and expenses pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, MARION MARTINEZ, individually and on behalf of all other similarly situated members of the Collective, prays for the following relief:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all Collective Action Members who are/were employed by Defendant during the applicable statute of limitations. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B. Unpaid wages, statutory penalties and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.*, the supporting United

States Department of Labor regulations, as well as Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

C. An injunction enjoining Defendant from violating the FLSA and its regulations in the future;

D. Pre and post-judgment interest;

E. Attorneys' fees and costs of the action, including expert fees; and

F. Injunctive, equitable, or other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by this Collective Action Complaint.

Dated: March 31, 2020

Respectfully submitted,

s/Alan L. Quiles
Alan L. Quiles
Texas Bar No. 24075418
aquiles@shavitzlaw.com
Gregg I. Shavitz (to be admitted *pro hac vice*)
gshavitz@shavitlzlaw.com
Camar R. Jones (to be admitted *pro hac vice*)
cjones@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Tel:   (561) 447-8888
Fax:   (561) 447-8831

*Attorneys for Plaintiff and the Putative Collective*

# Exhibit A

# CONSENT TO JOIN FORM

      1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), MobileLink , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_[DocuSigned by: (signature)]_

Signature

Marion Martinez

Print Name