Case 4:20-cv-01149   Document 37   Filed on 10/15/20 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
October 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARION MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1149 |
| | § | |
| MOBILELINK, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

The plaintiff, Marion Martinez, and 11 opt-in plaintiffs have sued the defendant, Mobilelink, for allegedly violating the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA" or "the Act"). Pending before the Court is the plaintiffs' motion to conditionally certify a collective action and to approve and facilitate notice to similarly situated employees. (Dkt. 18). The defendant has filed a response in opposition to the motion. (Dkt. 30). After having carefully considered the motion, response, the pleadings and the applicable law, the Court determines that the plaintiffs' motion should be **GRANTED**.

### II. FACTUAL BACKGROUND

The defendant is a nationwide retailer of smart phones and wireless data plans, with 550 stores across the United States. The plaintiffs allege that they, together with other former employees whose declarations they attach to their motion, worked as Assistant Managers ("AM's") at Mobilelink stores in 12 different locations across six states.[1]

---

[1] In support of their contentions, the plaintiffs submit the declarations of nine former employees, including eight current plaintiffs. Combined, the plaintiffs and declarants worked at Mobilelink retail stores in Arkansas, Oklahoma, Michigan, New York, Texas, and Indiana.

The plaintiffs allege that their superiors at Mobilelink regularly required them to work unpaid overtime. They state that they all were previously non-exempt employees paid on an hourly basis, plus sales-based commissions, and that their job duties as AM's consisted of assisting customers, selling phones, accessories, and data plans, stocking products, and cleaning the stores. They also claim they underwent the same training upon being hired and did not require additional training when assigned to different stores.

According to their declarations, the plaintiffs' unpaid off-the-clock tasks consisted of: mandatory participation in group phone conferences led by their district or store managers multiple times per week; regularly responding to work-related correspondence from their district or store managers and other co-workers; and, pre-shift travel to other Mobilelink stores to obtain inventory for the stores where they worked. Five of the declarants identify other AM's whom they claim to have observed regularly performing the same unpaid tasks, and with whom they discussed such work. These declarants also state that they complained of the off-the-clock work to their district or store managers.

The plaintiffs seek to certify an FLSA collective action consisting of all "current and former AMs employed by Mobilelink at any time from March 31, 2017, through the entry of final judgment in this case."[2] The plaintiffs also seek authorization to disseminate, by various means, a Court-approved notice to all putative collective members.

The defendant opposes conditional certification, noting that it has, and had at all relevant times, an official policy requiring AM's to report all hours worked and prohibiting off-the-clock work. The defendant also asserts that the plaintiffs have failed to establish that their off-the-clock work was not caused by a given plaintiff's individual circumstances. The defendant further

---

[2] The plaintiffs allege that the defendant's violations were willful and that, therefore, the FLSA's three-year statute of limitations applies to their claims. *See* 29 U.S.C. § 255(a). The plaintiffs filed suit on March 31, 2020.

argues that conditional certification is inappropriate because determining damages would require separate evidentiary hearings for each collective member. Finally, the defendant objects to the content of the plaintiffs' proposed notice and the plaintiffs' proposed mechanisms for delivering the same.

### III. APPLICABLE LAW

The FLSA requires covered employers to pay non-exempt employees an overtime rate for hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a). Section 216(b) of the FLSA creates a cause of action for employees against employers for violating the Act's wage and hour provisions. *See* 29 U.S.C. § 216(b). An employee may sue his employer under the FLSA on "behalf of himself . . . and other employees similarly situated[,]" but "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought." *Id.* The Supreme Court has recognized certification of collective actions as a useful case management tool for district courts to employ in FLSA cases. *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 486, 107 L.Ed.2d 480 (1989) ("A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity.").

District courts have discretion to facilitate notice to potential collective members; however, a court must conditionally certify the case as a collective action for notice to issue. *Jones v. Cretic Energy Servs.*, LLC, 149 F.Supp.3d 761, 776 (S.D. Tex. 2015). Consistent with the practice of most courts in this District, this Court will apply the two-step approach to

collective certification set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).[3] The *Lusardi* approach proceeds in two stages—a "notice" stage, followed by a "decertification" stage. At the notice stage, the district court decides whether to issue notice to potential collective members. *McKnight v. D. Houston, Inc.*, 756 F.Supp.2d 794, 801 (S.D. Tex. 2010) (internal citations omitted). If the court conditionally certifies a class, the action proceeds as a collective action during discovery. *Id.* at 802. When discovery is largely complete, the defendant may move to "decertify" the conditionally certified class. *Id.* If the district court finds at the decertification stage that the claimants are similarly situated, the collective action may proceed. If the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiff proceeds on his or her individual claim. *Id.*

Because a court typically has minimal evidence at the notice stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential plaintiffs with notice and the opportunity to opt in to the collective action. *Id.* The "remedial nature of the FLSA and the purposes of Section 216 militate strongly in favor of allowing cases to proceed collectively." *In re Wells Fargo Wage & Hour Emp. Prac. Litig.* (No. III), No. H-11-2266, 2012 WL 3308880, at *18 (S.D. Tex. Aug. 10, 2012).[4] At the first stage, the plaintiff must make a "minimal showing" that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved

---

[3] *Jones v. Cretic Energy Servs.*, LLC, 149 F.Supp.3d 761, 767–68 (S.D. Tex. 2015) (observing that "most courts in this district follow the *Lusardi* approach").

[4] Where there has been substantial discovery, courts may apply a more stringent standard typically reserved for the second ("decertification") stage, where "something more than the plaintiff's own allegations and declarations is required." *Barnes v. Abandonment Consulting Servs.*, LLC, No. 4:12-CV-01399, 2013 WL 3884198, at *4 (S.D. Tex. July 26, 2013) (applying higher standard where the discovery period had lasted almost a full year and the named plaintiff had been deposed). *See also Valcho v. Dallas Cnty. Hosp. Dist.*, 574 F.Supp.2d 618, 622–23 (N.D. Tex. 2008) (applying the higher standard where the discovery period allocated to the class certification issue had passed). Because the parties here have not engaged in significant discovery, the Court will apply the typical lenient "notice" standard.

individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. *Jones*, 149 F.Supp.3d at 768.[5]

## IV. ANALYSIS AND DISCUSSION

### A. Whether Other Aggrieved Individuals Exist.

To satisfy the first element of the *Lusardi* analysis, the plaintiffs need only show that there is a reasonable basis for believing that other aggrieved individuals exist. *Id.* at 776. Martinez, the named plaintiff, has attached to his motion declarations from eight former Mobilelink AM's.[6] Combined, the declarants claim to have worked as AM's at Mobilelink stores in 12 different locations across six states. They all allege that their store or district managers regularly required them to work more than 40 hours per week without overtime pay. Together, five of the declarants identify eight other AM's whom they state were hourly employees and performed the same duties as the declarants.[7] These same declarants also state that they either observed at least one other AM performing similar tasks off the clock, performed those tasks alongside the named AM, or discussed the off-the-clock work with that AM.

By their declarations, the plaintiffs have satisfied the first element of the *Lusardi* test by showing that there is a reasonable basis for believing that other aggrieved individuals exist who worked as AMs for Mobilelink. *Jones*, 149 F.Supp.3d at 769–70 (holding that plaintiff satisfied

---

[5] Courts in this District disagree as to whether plaintiffs must present evidence supporting the third *Lusardi* element. *See Freeman v. Progress Residential Prop. Manager, LLC*, No. 3:16-CV-00356, 2018 WL 1609577, at *3 n.2 (S.D. Tex. Apr. 3, 2018) (Edison, J.) (citing diverging opinions). Because conditional certification is appropriate even if the third element is required, the Court will analyze the plaintiffs' evidence supporting that element.

[6] All but one of the declarants—Breanna Wheeler—have opted into this lawsuit.

[7] To date, the purported AM's named by these declarants have not yet opted into this lawsuit.

the first element by submitting three employees' declarations that identified three other individuals who purportedly worked regular unpaid overtime).

      **B.**      **Whether the Aggrieved Individuals Are Similarly Situated.**

To satisfy the second element of *Lusardi* analysis, the plaintiffs must demonstrate a reasonable basis for believing that a class of similarly situated persons exists. *Id.* at 770. To show that "similarly situated" individuals exist, a plaintiff must establish that "the potential class members performed the same basic tasks and were subject to the same pay practices." *Kibodeaux v. Wood Grp. Prods.*, No. 4:16-CV-3277, 2017 WL 1956738, at *1 (S.D. Tex. May 11, 2017). It is sufficient that the plaintiffs' positions were similar, even if not identical. *Id.* Courts in this District have held that the second element requires a showing that the putative plaintiffs "were together the victims of a single decision, policy, or plan." *See, e.g., McKnight*, 756 F.Supp.2d at 801 (Rosenthal, J.); *Tolentino v. C & J Spec–Rent Servs., Inc.*, 716 F.Supp.2d 642, 646 (S.D. Tex. 2010) (Jack, J.). There is a consensus, however, that the existence of an official policy prohibiting off-the-clock work does not necessarily preclude conditional certification. *See, e.g., Loy v. Rehab Synergies, LLC*, 366 F.Supp.3d 847, 852 (S.D. Tex. 2019) (Alvarez, J.) ("The presence of an official policy against off-the-clock work does not defeat conditional certification if the plaintiff provides substantial evidence that regular off-the-clock work is occurring."); *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 536 (S.D. Tex. 2008) (Ellison, J.) (holding that substantial evidence of an informal policy abiding or encouraging unpaid overtime could support conditional certification despite the existence of an official "time worked is time paid" policy); *Convergys Customer Mgmt. Grp., Inc.*, 370 F.Supp.2d 601, 606 (S.D. Tex. 2005) (Harmon, J.) ("Notice is appropriate when there is a demonstrated similarity among the individual situations . . . some factual nexus which binds the named plaintiffs and the potential class

members together as victims of a particular alleged policy or practice." (internal quotations omitted)).

The plaintiffs' declarations state that Mobilelink employed them as AM's in its retail stores and that all were non-exempt employees paid on an hourly basis, plus commissions based on sales of phones, accessories, and data plans. The declarations all describe the same training, which the plaintiffs state they received upon being hired.[8] Those plaintiffs that worked at multiple stores state that they did not receive any additional training following their transfers. The plaintiffs' declarations also state that, as AM's, they all performed the same or similar duties—assisting customers, selling phones, accessories, and wireless data plans, stocking products, and cleaning the stores.

The declarants assert that both they and the other AM's whom they name performed similar tasks while officially off the clock. Specifically: their district and store managers required them to participate in group phone conferences, lasting 10 to 90 minutes, multiple times per week; they were required to regularly respond to work-related phone calls, emails, and text messages from district and store managers and other co-workers; and, while off the clock, they were required to travel pre-shift to other stores to obtain inventory to be used at the stores where they worked. Five of the plaintiffs also declare that they complained of the off-the-clock work to their district or store managers, who told them that nothing could be done about it.

Opposing conditional certification, the defendant cites its official policies prohibiting off-the-clock work and requiring that all worked time be reported. The defendant argues that the lack of an official policy requiring off-the-clock work precludes conditional certification because the

---

[8] The training described by the declarations consisted of shadowing the store manager and reviewing computer modules and videos regarding customer service, use of Mobilelink's computer and point of sale systems, products and plans the company provided, and Cricket Wireless' policies and procedures.

plaintiffs' evidence shows, at most, that unpaid overtime resulted from a plaintiff's individualized circumstances. As noted, however, "[t]he presence of an official policy against off-the-clock work does not defeat conditional certification if the plaintiff provides substantial evidence that regular off-the-clock work is occurring." *Loy*, 366 F.Supp.3d at 852. The plaintiffs' declarations contain uncontroverted evidence that nine plaintiffs in 12 different store locations across six states regularly performed off-the-clock work. Moreover, the plaintiffs' shared job titles and the similar tasks that they purportedly performed establish a sufficient factual nexus to bind them together. The plaintiffs have met their burden as to the second element.[9]

### C. Whether the Aggrieved Individuals Want to Opt Into the Lawsuit.

The Courts in this District are divided as to whether, at the notice stage, plaintiffs must present evidence supporting a third element—that the putative plaintiffs want to opt into the lawsuit. *See Freeman v. Progress Residential Prop. Manager, LLC*, No. 3:16-CV-00356, 2018 WL 1609577, at *3 n.2 (S.D. Tex. Apr. 3, 2018) (Edison, J.) (citing diverging opinions). Assuming the third element is required, the plaintiffs have satisfied it by showing that 11 new plaintiffs opted into the lawsuit after it was filed. *Song v. JFE Franchising Inc.*, No. 17 Civ. 1775, 2018 U.S. Dist. LEXIS 140979, at *12–13 (S.D. Tex. Aug. 20, 2018).

### D. Scope of the Certified Class

---

[9] The defendant also argues that conditional certification is inappropriate because determining damages would require separate evidentiary hearings for each collective member. Where, as here, there is a reasonable basis to believe that the plaintiffs are otherwise similarly situated—that is, subjected to the same unlawful practices and performed the same type of off-the-clock tasks—the potential need to determine damages on an individual basis does not preclude conditional certification. *Maynor v. Dow Chem. Co.*, No. G–07–504, 2008 WL 2220394, at *9–10 (S.D. Tex. May 28, 2008). In general, courts weigh fairness and procedural considerations and concerns regarding the plaintiffs' disparate factual and employment settings at the decertification stage. *Clarke v. Convergys Customer Mgmt. Grp., Inc.*, 370 F.Supp.2d 601, 607 (S.D. Tex. 2005) (citing *Thiessen v. General Electric Cap. Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001)).

The plaintiffs have established a reasonable basis to believe that similarly situated plaintiffs exist in at least six states. As noted, the defendant operates 550 stores across the country. Accordingly, this Court finds that it is appropriate to conditionally certify this matter as a nationwide collective action. *McGarragher v. Ryland Grp., Inc.*, No. 3–11–55, 2012 WL 4857575, at *5–6 (S.D. Tex. Oct. 11, 2012) (certifying a nationwide collective action where the plaintiff-employees of a nationwide employer showed they were similarly situated). Additionally, because the plaintiffs have alleged a willful FLSA violation, the collective action is open to all individuals that have worked as AM's in any of the defendant's stores since March 31, 2017. *Walker v. HongHua Am., LLC*, 870 F.Supp. 2d 462, 472 (S.D. Tex. 2012) ("[W]here a plaintiff alleges a willful FLSA violation, notice is proper for potential class members employed by the defendant within the full three-year period; FLSA plaintiffs are not required to prove willfulness prior to discovery." (internal citations omitted)).

### E. Notice to the Certified Class

The plaintiffs ask the Court to authorize notice to potential members of the collective action class. Following a conference with the parties on October 8, 2020, the Court is persuaded that at this juncture notices should be transmitted to potential collective members by U.S. mail and email and returned to plaintiffs' counsel for filing with the Court. The parties have agreed to confer and provide the Court with a form of notice, as well as an agreed order setting forth the substance of the notice and the agreed notice procedure.

## V. ORDER

Based on the foregoing analysis and discussion, the Court finds that the plaintiffs' allegations are sufficient to permit conditional certification of the instant action as a collective action under the FLSA. It is, therefore, ORDERED that:

1. The plaintiffs' motion for conditional certification is GRANTED;

2. The following collective action class is CONDITIONALLY CERTIFIED: all Assistant Managers employed in the United States by Mobilelink or any of its affiliates in their retail stores from March 31, 2017 until the present date and who did not receive overtime pay for any hours worked in excess of 40 hours per workweek during that time period;

3. The defendant is directed to produce to the plaintiffs the names, last known mailing addresses, email addresses, and work locations of the members of the collective action class, by October 26, 2020; and

4. The parties are directed to provide the Court with an agreed form of notice to members of the collective action class and an agreed order setting forth the substance of the notice and the agreed notice procedure, by October 26, 2020.

It is so **ORDERED**.

SIGNED on this 15th day of October, 2020.

Kenneth M. Hoyt
United States District Judge